IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD S. LEWIS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-2541 |
| | : | |
| JOHN WETZEL, *SECRETARY, PENNSYLVANIA DEPARTMENT OF CORRECTIONS*, et al. | : | |

**ORDER**

AND NOW, this 15th day of August, 2019, upon consideration of pro se Plaintiff Reginald S. Lewis's Complaint, it is ORDERED the Complaint (Document 2) is DISMISSED with prejudice.[1]

---

[1] Pro se Plaintiff Reginald S. Lewis brings the above-captioned civil rights action against Defendants John Wetzel, Cynthia Link, Michael Wenerowicz, Kelly Long, and Former Captain Spagnoletti. The Complaint alleges that, on November 8, 2017, Lewis filed a petition for writ of certiorari with the United States Supreme Court seeking reversal of a murder conviction for which he was incarcerated at State Correctional Institution (SCI) – Graterford. *See* Compl. 3. Lewis heard nothing regarding his petition until February 8, 2018, when he received a letter from the Clerk of the Supreme Court dated November 29, 2017. *See id.* The letter stated his petition had been docketed on November 29, 2017, provided a form for Lewis to use to notify opposing counsel of the case's docketing, and included a waiver form, in which the respondents could waive their right to file a brief in opposition to Lewis' petition. *See id.* The letter was stamped by the Clerk with the date January 8, 2018, indicating, as Lewis alleges, that the Clerk had previously attempted to send the letter but it had been returned on that date. Lewis subsequently received a second letter from the Clerk dated January 8, 2018, stating his petition had been denied. *See id.* at 11. In response, Lewis wrote to the Clerk, who provided Lewis with a copy of the docket for his petition. *See id.* at 11. The docket demonstrated that, on December 7, 2017, unbeknownst to Lewis, the respondents had waived their right to file a brief in opposition to his petition.

On June 15, 2018, Lewis filed the instant action, along with a motion to proceed in forma pauperis, asserting Defendants improperly withheld and returned his legal mail to the Clerk. Lewis asserts this action resulted in him losing the meaningful opportunity to file a brief in support of his petition asserting the "[Supreme Court] should accept [the] allegations in the petition . . . as true[] and the respondent's silence [was] of great constitutional magnitude . . . ." Compl. 12. On August 6, 2018, the Court denied Lewis's in forma pauperis motion, and on August 24, 2018, Lewis paid the Court's filing fee.

Although Lewis has paid the filing fee in full, the Court is required to screen his Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000)

(recognizing district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding in forma pauperis). Section 1915A requires the Court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

"Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *See McFadden v. City of Philadelphia*, No. 18-1320, 2018 WL 2370695, at *4 (E.D. Pa. May 23, 2013) (citations omitted). Pursuant to Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Lewis is proceeding pro se, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Although styled as three distinct claims, *See* Compl. 3, 11, Lewis's Complaint only asserts a single access to the courts claim. Under the First and Fourteenth Amendments, inmates have a constitutional right to access the courts. *See Lewis v. Casey*, 518 U.S. 343 (1996). Where an inmate does not allege actual injury to his ability to litigate a claim, his constitutional right to access the courts has not been violated. *See id.* at 351–53. An actual injury is shown only where a nonfrivolous claim, or one of arguable merit, is lost. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2003). Thus, Lewis must "describe the underlying arguable claim well enough to show that it is 'more than mere hope.'" *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (quoting *Christopher*, 536 U.S. at 416-17).

Lewis has failed to show he suffered an injury. Lewis argues he was denied the opportunity to fully litigate his petition, asserting that had he known the "respondents had waived their right to file their brief in opposition . . . [he] could have . . . file[d] a brief averring. . . the [Supreme Court] should accept [the] allegations in the petition . . . as true[] and the respondent's silence [was] of great constitutional magnitude . . . ." Compl. 12. Lewis, however, fails to demonstrate he lost the opportunity to raise a claim in his petition. Rather, Lewis filed his petition raising his substantive claims to which the respondents waived their right to oppose. Thus, there was no new matter raised for him to oppose or refute. Lewis merely asserts he was denied the opportunity to emphasize information the Supreme Court was already aware of, i.e., the respondents had waived their right to file an opposition. In any event, Lewis does not argue that, by not receiving the November 29, 2017, letter, he was precluded from asserting any substantive claims in support of his petition. Lewis's alleged lost opportunity to emphasize the respondents' waiver is not a claim of arguable merit. *See Monroe*, 536 F.3d at 205-06. Thus, he fails to plead an access to the courts claim. *See Gibson v. Superintendent of N.J. Dep't of Law & Public Safety–Div. of State Police*, 411 F.3d 427, 444–45 (3d Cir. 2005) (dismissing denial of access claim for failure to specify causes of action lost).

Lewis further alleges that Defendants have interfered with his First Amendment right to use the mail by opening his legal mail outside of his presence. *See* Compl. 13. Inmates have a First Amendment right to access and use the mail system. *See Jefferson v. Doll*, No. 18-1625, 2018 WL 4002966, at *4 (M.D. Pa. Aug. 22, 2018) (citations omitted). To state a claim, an inmate must

It is further ORDERED Lewis's Motion for an Extension of Time and Request for an Order From the Court Requiring Marshalls to Serve Summons and Complaint Upon Defendants (Document 11) is DISMISSED as moot.

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

allege that the interference with his mail was done according to a "pattern and practice." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006). However, isolated incidents of opening mail outside of an inmate's presence, without evidence of an improper motive, is insufficient to establish a First Amendment violation. *See, e.g., Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) ("[T]he District Court correctly determined that Nixon's claim alleging a single, isolated interference with his personal mail was insufficient to constitute a First Amendment violation.").

In this instance, Lewis has not established a First Amendment violation. Lewis alleges the November 29, 2017, and January 8, 2018, letters he received from the Supreme Court were both opened prior to him receiving them. Lewis, however, fails to demonstrate, beyond his conclusory references to a "conspiracy," that the alleged isolated interference with his mail was pursuant to a pattern or practice. Similarly, he fails to plead any improper motive beyond his own conclusory speculation that his mail was interfered with for an improper purpose. These allegations are insufficient to establish a First Amendment claim for interference of mail. *See Hale v. Pa Dept. of Corr.*, No. 07-345, 2010 WL 3791833, at *3 (M.D. Pa. Sept. 16, 2010) ("opening [court mail] outside [prisoner's] presence on two occasions . . . does not demonstrate a pattern or practice . . . sufficient to find a First Amendment violation . . . ."); *see also Beese v. Liebe*, 51 F. App'x 979, 981 (7th Cir. 2002) (dismissing First Amendment claim based on allegations that four pieces of legal mail had been opened outside of inmate's presence, since the inmate presented no supporting facts that his legal mail had been intentionally opened, and where the inmate-plaintiff merely speculated that the prison official intended to do so).

Lewis will not be granted leave to file an amended complaint. A court must freely grant leave to amend, "unless such an amendment would be inequitable or futile" *See Phillips*, 515 F.3d at 245. The Court finds that further amendment would be futile because, as noted, Lewis cannot cure the defects in his Complaint through further amendment. *See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss.'" (citation omitted)); *Jefferson*, 2018 WL 4002966, at *6 (dismissing First Amendment interreference with mail claim with prejudice where amendment would be futile). Accordingly, Lewis's Complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).